UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JACK ERVAN,                    )
          Petitioner           )
                               )
          v.                   )        C.A. NO. 05-40101-RCL
                               )
DAVID L. WINN, WARDEN          )
          Respondent           )


## GOVERNMENT'S OPPOSITION TO PETITION FILED PURSUANT TO 28 U.S.C. § 2241

### INTRODUCTION

The petitioner, Jack Ervan, has filed a Petition for Writ of Habeus Corpus pursuant to 28 U.S.C. § 2241, claiming that the Western District of Wisconsin violated his constitutional rights by imposing a twenty year term of imprisonment under the United States Sentencing Guidelines.  Because the petitioner's claim is a direct attack on his underlying sentence and therefore cognizable only under 28 U.S.C. § 2255, and because the sentencing court has already entertained and denied a Section 2255 petition brought by Mr. Ervan, this Court should summarily deny the instant petition.


### STATEMENT OF THE CASE

On April 27, 2000, before United States District Judge Crabb of the Western District of Wisconsin, a jury convicted Mr. Ervan of conspiring to distribute and possess with intent to distribute

1

cocaine base, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. §

2. <u>United States v. Flemister, et. al.</u>, No. 99-CR-0106-C-03

(W.D.Wis. 2000)(Docket No. 267); <u>see</u> <u>also</u> Attachment A at 6.  On

August 31, 2000, Judge Crabb sentenced Mr. Ervan to 20 years in

prison, to be followed by 3 years of supervised release.

<u>Flemister</u> (Docket No. 334); <u>see</u> <u>also</u> Attachment A at 7.  On

November 6, 2001, the Court of Appeals for the Seventh Circuit

dismissed Mr. Ervan's appeal from his conviction.  <u>United States</u>

<u>v. Ervan</u>, 00-3347, 2001 WL 1222423 (7th Cir. 2001).  On April 19,

2004, Mr. Ervan filed a motion with the sentencing court under 28

U.S.C. § 2255 to vacate his sentence.  <u>Flemister</u> (Docket No.

386); <u>see</u> <u>also</u> Attachment A at 8.  On April 28, 2004, the

sentencing court denied Mr. Ervan's motion.  <u>Id.</u> (Docket No.

387); <u>see</u> <u>also</u> Attachment A at 8.  On February 17, 2005, Mr.

Ervan filed a motion to modify his sentence.  <u>Flemister</u> (Docket

No. 396); <u>see</u> <u>also</u> Attachment A at 9.  On February 23, 2005, the

sentencing court dismissed this motion, construing it as a 28

U.S.C. § 2255 petition.  <u>Flemister</u> (Docket No. 397); <u>see</u> <u>also</u>

Attachment A at 9.  On June 10, 2005, Mr. Ervan filed a motion

for a reduction of his sentence.  On June 15, 2005, the

sentencing court again dismissed Mr. Ervan's motion, construing

it as a 28 U.S.C. § 2255 petition.  <u>Flemister</u> (Docket No. 405).

"Call it a motion for a new trial, arrest of judgment, mandamus,

prohibition, coram nobis, coram vobis, audita querela,

certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls."  Id., citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996); see also Attachment B.

On June 24, 2005, Mr. Ervan filed the instant motion with this Court, pursuant to 28 U.S.C. § 2241, claiming that the District Court for the Western District of Wisconsin violated his constitutional rights by incorrectly applying the Sentencing Guidelines. (Def. Mot. 13-14).

**ARGUMENT**

### THIS COURT LACKS JURISDICTION TO CONSIDER THE PETITION

Once again for Mr. Ervan, "the name makes no difference.  It is substance that controls."  Flemister (Docket No. 405); see also Attachment B.  Even though Mr. Ervan styles his claim as a petition under 28 U.S.C. § 2241, the substance of his claim is a direct attack on the validity of his underlying sentence. Therefore, it is cognizable only under 28 U.S.C. § 2255 and can only be brought before the sentencing court.  Moreover, in this case the sentencing court in the Western District of Wisconsin has already considered three prior petitions under 28 U.S.C. § 2255 by Mr. Ervan, and denied all three.  Flemister (Docket Nos. 386, 397, 405).  In short, this Court lacks jurisdiction to entertain what amounts to a fourth petition.  28 U.S.C. § 2255.

3

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Section 2241 claims are thus distinct from those available under Section 2255 (which involve the validity of a sentence or the conviction pursuant to which it was imposed). The First Circuit has recognized these differences, compare United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences. . .") with United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (28 U.S.C. § 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"), and has held that Section 2241 petitions that in fact state Section 2255 claims must be dismissed. Barrett, 178 F.3d at 38 (a prisoner cannot "evade the restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. S 2241"). Accord, Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing 2241 petition that stated claim under section 2255); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) ("[a]ttacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)); Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred before sentencing must be addressed in a Section 2255 petition

4

filed in the sentencing court); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166(10th Cir. 1996) ("habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under Section 2255).

Application of these principles here demonstrates that Mr. Ervan's petition states only a claim under Section 2255 that can be heard only by the sentencing court. Nothing in the Petition relates to the execution of Mr. Ervan's sentence as opposed to the constitutionality of the procedures pursuant to which Mr. Ervan was convicted. Nothing relates to decisions made by the Bureau of Prisons regarding the length or nature of his incarceration pursuant to his 2000 judgment of conviction. Because the claim only attacks the constitutionality of the proceedings that produced that judgment in the first place, the Petition fails to state a cognizable claim under section 2241. <u>See generally</u> <u>U.S. v. White</u> , 53 F. Supp. 2d 976, 978 (W.D. Tenn 1999)("habeas 'execution' of sentence claims deal with BOP decisions regarding the calculation of sentence credits, the ministerial calculation of the dates of release or completion of the sentence, and other issues unrelated to the validity of the conviction or sentence itself...").

Mr. Ervan's claim is not the type in which courts have allowed prisoners to bypass Section 2255 in favor of Section 2241. Indeed, a claim brought by another prisoner at FMC Devens

5

that dealt with drug quantity was rejected in <u>Calvache v. Benov</u>, 183 F.Supp.2d 124 (D.Mass. 2001)(Young, C.J.). In <u>Calvache</u>, the court dismissed a Section 2241 petition based on the claim that the sentencing court's drug quantity finding violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)(holding that the due process clause requires that any factual determination that authorizes an increase in the maximum prison sentence for an offense be made by a jury on the basis of proof beyond a reasonable doubt). The court there stated that <u>Apprendi</u> "does not apply to a sentencing judge's findings unless those findings increase the sentence of the default statutory maximum," which is the statutory maximum determined only from those facts alleged in the indictment. <u>See also</u> <u>United States v. Burgos</u>, 254 F.3d 8, 16 (1st Cir. 2001). Mr. Ervan was sentenced to 20 years. Since this sentence does not exceed the maximum sentence set forth under 21 § U.S.C. 841(b)(1)(C), there is no <u>Apprendi</u> error here.

Finally, even if there were an <u>Apprendi</u> error, <u>Apprendi</u> does not apply retroactively. <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 15 (1st Cir. 2000)("it is clear that the Supreme Court has not made the [<u>Apprendi</u>] rule retroactive to cases on collateral review.")(internal citations omitted). Nor does <u>United States v. Booker</u>, 543 U.S. 220 (2005), apply retroactively to this case. The gatekeeping provisions of section 2255 require that a "second or successive motion must be certified... by a

panel of the appropriate court of appeals to contain... **a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court**, that was previously unavailable." 28 U.S.C. § 2255 (emphasis added). Every circuit that has considered the issue, including the First Circuit, has concluded that <u>Booker</u> does not apply retroactively. <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 533 (1st Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 866-68 (11th Cir. 2005); <u>United States v. Mitchell</u>, 122 Fed. Appx. 539, 540 (2nd Cir. 2005)(unpublished); <u>United States v. Leonard</u>, 120 Fed. Appx. 759, 761 (10th Cir. 2005)(unpublished).

## CONCLUSION

Based on the foregoing, the government respectfully requests that the defendant's section 2241 Petition be summarily dismissed because this Court lacks jurisdiction to entertain the petition.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  <u>/s/ S. Waqar Hasib</u>
                              S. WAQAR HASIB
                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Boston, Massachusetts
December 27, 2005

I, S. Waqar Hasib, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, to Jack Ervan, III, at the Federal Bureau of Prisons, Fort Devens/P-2, P.O. Box 879, Ayer, MA 01432.


/s/ S. Waqar Hasib
S. WAQAR HASIB
Assistant U.S. Attorney

8

**ATTACHMENT A**

December 23, 2005 16:06:09                    Web PACER (v1.2)

---

U.S. District Court Western District of Wisconsin (Madison)
*CRIMINAL DOCKET FOR CASE #:* 99-CR-0106-C-03
*Case Number:* 99-CR-0106-C-03
*Case Title:* USA v. ERVAN, JACK III
*Filed On:* 10/21/1999
*Closed On:* 08/31/2000
*Judge:* Barbara B. Crabb
*Last Updated On:* 01/24/2002

---

| **Plaintiffs** | **Defendants** |
|---|---|
| USA | ERVAN, JACK III |
| **Attorney(s) for Plaintiffs** | **Attorney(s) for Defendants** |
| JOHN VAUDREUIL | R. ALAN BATES |
| ASSISTANT U.S. ATTORNEY | FEINGOLD & BATES |
| P.O. BOX 1585 | 20 E. MILWAUKEE ST., SUITE 200 |
| MADISON, WI 53701-1585 | JANESVILLE, WI 53545 |
| (608) 264-5158 | (608) 752-8778 |
| *For:* | *For:* |
| USA | ERVAN, JACK III |

---

## CHARGES FOR CASE # 99-CR-0106-C-03

| # | Charge | Counts |
|---|---|---|
| 1 | Type of Charge: Original<br><br>21:846=CD.F<br>CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE<br>(CT 1) | Counts: 1 |
| 5 | Type of Charge: Original<br><br>21:861A.F<br>EMPLOY PERSONS UNDER 18<br>(CT 4) | Counts: 1 |
| 6 | Type of Charge: Original<br><br>21:841A=ND.F | Counts: 1 |

NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE
(CT 6)

| 2 | Type of Charge: Original | Counts: 0 |
|---|---|---|

21:861A.F
EMPLOY PERSONS UNDER 18
(CT 2)

| 3 | Type of Charge: Original | Counts: 0 |
|---|---|---|

21:861A.F
EMPLOY PERSONS UNDER 18
(CT 3)

| 4 | Type of Charge: Original | Counts: 0 |
|---|---|---|

21:856=CM.F
CONTROLLED SUBSTANCE - MANUFACTURE
(CT 5)

---

## DOCKET FOR CASE # 99-CR-0106-C-03

| # | Date | Docket Entry |
|---|---|---|
| 003 | 10/20/1999 | JS-45, CRIMINAL COVER SHEET **SEALED** |
| 008 | 10/20/1999 | INDICTMENT **SEALED** WARRANT ISS'D. |
|  | 10/21/1999 | ***UNSEALED PER AUSA DAN GRABER*** |
| 016 | 11/01/1999 | WARRANT W/RET. |
| 022 | 11/05/1999 | CERTIFIED RECORD REC'D FROM U.S.DISTRICT CRT.NO.DISTRICT IL. (CASE #99-CR-793-ALL) |
| 025 | 11/09/1999 | CJA VOUCHER 12-#01038855 APPG. ATTY.R.ALAN BATES TO REP.DEFT.JACK ERVAN III. |
| 031 | 11/15/1999 | CTRM. MIN: ARRG.; EFTS STOOD MUTE; N.G.PLEAS ENTERED. DTS SEALL DEFTS ORDERED DETAINED. (SLC) (45 MIN) |
| 032 | 11/15/1999 | ORDER ON SCHEDULING AT ARRAIGNMENT. (SLC) |
| 035 | 11/16/1999 | ORDER OF DETENTION PENDING TRIAL. (SLC) |
| 041 | 12/08/1999 | TRANSCRIPT OF ARRAIGNMENT ON 11/15/99-EXCERPT OF PROCEEDINGS. |
| 042 | 12/08/1999 | TRANSCRIPT OF ARRAIGNMENT BEFORE MAG.CROCKER,ON 11/15/99. (EXCERPT OF PROCEEDING - GOV'T OFFER OF PROOF) |
| 053 | 12/27/1999 | MOTION BY DEFT ERVAN TO STRIKE ALIAS'. |
| 054 | 12/27/1999 | MOTION BY DEFT ERVAN FOR BILL OF PARTICULARS. |

| | | |
|---|---|---|
| 055 | 12/27/1999 | MOTION BY DEFT ERVAN FOR EARLY DISCLOSURE OF JENCKS ACTS. |
| 109 | 12/30/1999 | BRIEF IN OPPOSITION - GOVT'S COMMENTS REGARDING EVID. HRG. ONDEFTS' MOTIONS |
| 111 | 01/05/2000 | CTR MIN: PTC; RULINGS ON MOS;BRFG ON REMAINING MOS. FINAL H RG W/BC PRIOR TO TRIAL; EVID. ON HOLLAND MO. (SLC)(1HR 45MIN) |
| 112 | 01/05/2000 | PTC ORDER W/ATTACHMENTS. RULINGS & BRIEFING ON MOS. (SLC) |
| 129 | 01/19/2000 | MOTION IN LIMINE, BY DEFT. JACK ERVAN III. |
| 140 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR SHURONE JOHNSON.(2/22/00);WRIT ISSUED. |
| 141 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR RODRICK MCCLINTON.(2/22/00);WRIT ISSUED. |
| 142 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR MARILYNN PATTERSON.(2/22/00);WRIT ISSUED. |
| 143 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR JOHNNIE PATTERSON.(2/22/00); WRIT ISSUED. |
| 144 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR CARL JONES.(2/22/00);WRIT ISSUED. |
| 145 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR DANA ATKINS.(2/22/00);WRIT ISSUED. |
| 146 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR KATHLEEN RYNES.(2/22/00);WRIT ISSUED. |
| 147 | 01/31/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR SHAWN SCOTT.(2/22/00);WRIT ISSUED. |
| 159 | 02/02/2000 | ORDER THAT FPTC IS CONVERTED TO A STATUS CONF, FOR COUNSEL ONLY, TO SET NEW TRIAL DATE. DEADLINES STAYED. (SLC) |
| 160 | 02/03/2000 | RETURN OF APPLICATION & ORDER FOR HABEAS CORPUS FROM U.S. MARSHAL'S UNEXECUTED-DATE OF APPEARANCE CHANGED. |
| 166 | 02/10/2000 | CTR MIN: MO. HRG; STATUS CONF;CRT.GRANTS.MO FOR CONTINUANCE ALL PREVIOUSLY-SET DATE STRICKEN,NEW SCHEDULE.(SLC)30' |
| 169 | 02/11/2000 | ORDER GRANT.MO POSTPONE TRIAL DATE,SCEHDULE SET&TIME 'TWEEN 2/22-4/17 TOLLED FROM COMPUTATION UNDER SPEEDY TRIAL.(SLC) |
| 171 | 02/14/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR SHAWN SCOTT.(4/17/00)WRIT ISSUED. |
| 172 | 02/14/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR SHURONE JOHNSON.(4/17/00)WRIT ISSUED. |
| 173 | 02/14/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR JOHNNIE PATTERSON.(4/17/00)WRIT ISSUED. |
| 174 | 02/14/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR CARL JONES.(4/17/00)WRIT ISSUED. |

175  02/14/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               RODRICK MCCLINTON.(4/17/00)WRIT ISSUED.

176  02/14/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               MARILYNN PATTERSON.(4/17/00)WRIT ISSUED.

177  02/14/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               DANA ATKINS.(4/17/00) WRIT ISSUED.

178  02/14/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               KATHLEEN RYNES.(4/17/00) WRIT ISSUED.

183  03/16/2000 WRIT W/MARSHAL'S RETURN RE: SHAWN SCOTT.

187  03/20/2000 ORDER THAT CT WILL TAKE NO ACTION ON DEFT ERVAN'S
               FILING SINCE HE IS REPRESENTED BY COUNSEL.

189  03/29/2000 DEFT ERVAN'S RESPONSE TO CT'S PROPOSED VOIR DIRE.

197  03/31/2000 PROPOSED VOIR DIRE QUESTIONS BY GOVT.

198  03/31/2000 PROPOSED JURY INSTRUCTIONS BY GOVT.

199  03/31/2000 MOTION IN LIMINE BY GOVT.

209  04/03/2000 ORDER STAYING RULING ON MOS TO SEVER PENDING BC'S
               RULING. ALL OTHER NONDISPOSITIVE MOS DENIED. (SLC)

212  04/05/2000 CTR MIN: FPTC; DISCUSS VOIR DIRE, JURY INSTRUCTIONS, MOS
               IN LIMINE. DAUBERT HRG TO BE SCHEDULED W/BC. (SLC)
               (2HRS 5MIN)

216  04/07/2000 ORDER ON FPTC - W/ATTACHMENTS. DAUBERT HRG SET
               BEFORE BC; DR. BOHN MAY APPEAR TELEPHONICALLY. (SLC)

219  04/07/2000 APPLICATION AND ORDER FOR WRIT OF HABEAS CORPUS FOR
               DANA ATKINS.(4/17/00);WRIT ISSUED.

220  04/07/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               MARILYNN PATTERSON.(4/17/00);WRIT ISSUED.

221  04/07/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               CARL F. JONES.(4/17/00);WRIT ISSUED.

222  04/07/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               KATHLEEN RYNES.(4/17/00);WRIT ISSUED.

223  04/10/2000 WRIT FOR DANA ATKINS RETURNED UNEXECUTED PER AUSA
               LAURA PRZYBYLINSKI FINN REQ.

228  04/11/2000 BRIEF IN OPPOSITION BY GOV'T,TO MOTIONS IN LIMINE &
               NOTICES INTENT TO OFFER EVIDENCE.

234  04/14/2000 APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR
               RICHARD D. JOHNSON.(4/17/00);WRIT ISSUED.

235  04/14/2000 CTR MIN: FINAL HRG.; DISCUSS MOS IN LIMINE, STATEMENTS
               OF DEFTS AT TRIAL, NOTICES OF INTENT TO OFFER EVID.(BC)
               (2'40")

236  04/17/2000 CTR MIN: JURY SEL./TRIAL; PANEL SEL & SWORN. OPENING
               STMNTS BY GOVT,FORD,MULLEN,RUSSELL. GOVT'S CASE. (BC)
               (7 HR 17 MIN)

237  04/17/2000 JURY SELECTION LIST

238  04/18/2000
               TRANSCRIPT OF 1ST DAY OF JURY TRIAL ON 4/17/2000,
               EXCERPT OF PROCEEDINGS, DIRECT TESTIMONY OF TRACY

|     |            | LEISEN. |
|-----|------------|---------|
| 239 | 04/18/2000 | TRANSCRIPT OF 1ST DAY OF JURY TRIAL ON 4/17/2000, EXCERPT OF PROCEEDINGS, DIRECT TESTIMONY OF KATHLEEN RYNES. |
| 240 | 04/18/2000 | ORDER ON FINAL HEARING HELD ON 4/14/2000. (BC) |
| 241 | 04/18/2000 | CTR MIN: JURY TRIAL; 2ND DAY. GOVT'S CASE.(BC)(7HR 35 MIN) |
| 242 | 04/19/2000 | TRANSCRIPT OF TESTIMONY OF KATHLEEN RYNES ON 2ND DAY OF J.TRIAL, ON 4/18/2000. |
| 243 | 04/19/2000 | TRANSCRIPT OF 2ND DAY OF JURY TRIAL ON 4/18/2000, EXCERPT OF PROCEEDINGS, TESTIMONY OF LATASHIA LIGHTNING. |
| 244 | 04/19/2000 | CTRM. MIN: JURY TRIAL; 3RD DAY; GOVT'S CASE (BBC) 7+41 |
| 245 | 04/20/2000 | TRANSCRIPT OF 3RD DAY OF JURY TRIAL ON 4/19/00, MORNING SESSION. |
| 246 | 04/20/2000 | TRANSCRIPT OF 1ST DAY OF JURY TRIAL ON 4/17/00; EXCERPT OF PROCEEDINGS (CROSS, REDIRECT, RECROSS=LEISEN; CROSS=RYNES). |
| 247 | 04/20/2000 | WRIT FOR JOHNNIE PATTERSON RETURNED EXECUTED. |
| 248 | 04/20/2000 | CTRM. MIN: JURY TRIAL; 4TH DAY; GOVT'S CASE. (BC)7HR 27MIN |
| 249 | 04/21/2000 | TRANSCRIPT OF 4TH DAY OF JURY TRIAL ON 4/20/00, EXCERPT OF PROCEEDINGS, TESTIMONY OF LINDA KOHLMEYER. |
| 250 | 04/21/2000 | TRANSCRIPT OF 2ND DAY OF JURY TRIAL ON 4/18/00, EXCERPT OF PROCEEDINGS, TESTIMONY OF NICOLE UNDERHILL. |
| 251 | 04/21/2000 | TRANSCRIPT OF TESTIMONY OF JOHNNY PATTERSON ON 3RD DAY OF JURY TRIAL, ON 4/19/2000. |
| 252 | 04/21/2000 | TRANSCRIPT OF TESTIMONY OF ROD MCCLINTON, ON 3RD DAY OF JURY TRIAL, ON 4/19/2000. |
| 253 | 04/21/2000 | TRANSCRIPT OF 4TH DAY OF JURY TRIAL ON 4/20/2000, MORNING SESSION ONLY. |
| 254 | 04/21/2000 | CTRM. MIN. - 5TH DAY JURY TRIAL: GOVT RESTS; DEFTS' CASE; OPENING STMTS; REVIEW OF CLOSING JURY INSTRUCTIONS. (BC)(5:33) |
| 255 | 04/24/2000 | TRANSCRIPT OF 5TH DAY OF JURY TR. ON 4/21/00; TESTIMONY OF BONGIOVANI, HUGHES, RICHMOND, GREIBER, HARRIS, KROPIDLOWSKI. |
| 258 | 04/24/2000 | WRIT RETURNED EXECUTED RE:RODRICK MCCLINTON |
| 259 | 04/24/2000 | WRIT RETURNED EXECUTED RE: SHURONE JOHNSON |
| 260 | 04/24/2000 | WRIT RETURNED EXECUTED RE: CARL F. JONES |
| 261 | 04/24/2000 | CTRM. MIN. J.INST. CONF.,CLOSINGS BY ALL PARTIES,GOV'S RE- BUTTAL,INSTRUCTIONS TO JURY.DELIB.TO BEGIN 4/25.(BC) 10+30 |
| 262 | 04/25/2000 | JURY INSTRUCTIONS |
| 263 | 04/25/2000 | CTRM. MIN. - 7TH DAY JT; JURY DELIBERATIONS; JURY TO |

|     |            | RETURN ON 4/26 @9:00 AM TO CONTINUE DELIBERATIONS. (BBC) 10" |
| 264 | 04/26/2000 | CTRM. MIN. - 8TH DAY JT;J.DELIB/VERD. DEFTS.FLEMISTER, FORD ERVAN GUILTY CT 1. DEFTS MULLEN,RUSSELL,LEE.N.GUILTY(BBC) 20" |
| 267 | 04/27/2000 | VERDICT OF GUILTY CT. 1, NOT GUILTY CT. 4 |
| 276 | 05/03/2000 | WRIT RETURNED EXECUTED RE: RICHARD D. JOHNSON. |
| 288 | 06/22/2000 | ORDER ON SCHEDULING OF SENTENCING HEARING; TO BEGIN @9:00AM ON 7/20/00,CON'T ON 7/21/00,7/27/00 & 7/28/00.(BC) |
|     | 07/03/2000 | OBJECTION TO PRESENTENCE REPORT BY DEFT ERVAN; SENT TO BC FOR FILING. |
| 298 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR KATHLEEN RYNES.(7/20/00)WRIT ISSUED. |
| 299 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR RODERICK MCCLINTON.(7/20/00)WRIT ISSUED |
| 300 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR CARL F. JONES.(7/20/99)WRIT ISSUED |
| 301 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR CURTIS J LANGLOIS.(7/20/00)WRIT ISSUED |
| 302 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR HAIKEEM HOSKINS.(7/20/00)WRIT ISSUED. |
| 303 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR SHURONE V. JOHNSON.(7/20/00)WRIT ISSUED. |
| 304 | 07/05/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR RICHARD L. WALLACE.(7/20/00)WRIT ISSUED. |
|     | 07/06/2000 | GOV'T LETTER STATING NO OBJ.TO PSR; SENT TO BC FOR FILING. |
| 308 | 07/07/2000 | APPLICATION & ORDER FOR WRIT OF HABEAS CORPUS FOR TIA SANDERS.(7/20/00)WRIT ISSUED. |
| 310 | 07/12/2000 | CTRM. MIN. ON STATUS CONF.:BRFG SET (GOVT'S BRF DUE 8/3/00; DEFTS' OPP. DUE 8/17; SENTC'G CONT'D INDEFINTELY. (BC) 14" |
| 311 | 07/13/2000 | WRIT W/MARSHAL RETURN UNEXECUTED FOR RYNES,JONES,LANGLOIS, HOSKINS,JOHNSON,WALLACE & SANDERS. |
| 312 | 07/24/2000 | TRANSCRIPT OF SECOND DAY JURY TRIAL HELD 4/18/00 - EXCERPT) TESTIMONY OF WITNESSES ONLY |
| 313 | 07/24/2000 | TRANSCRIPT OF THIRD DAY JURY TRIAL HELD 4/19/00 - (EXCERPT) TESTIMONY OF WITNESSES ONLY |
| 314 | 07/24/2000 | TRANSCRIPT OF FOURTH DAY JURY TRIAL HELD 4/20/00- (EXCERPT) TESTIMONY OF WITNESSES ONLY |
| 315 | 07/24/2000 | TRANSCRIPT OF TESTIMONY OF KATHRYN SHOFFNER & JEROME BECKA ON 3RD DAY OF JURY TRIAL BEFORE JUDGE CRABB, ON 4/19/00. |
| 316 | 07/24/2000 | TRANSCRIPT OF TESTIMONY OF SHUNTIA HOLLAND &KEVIN LINSMEIER ON 4TH DAY OF JURY TRIAL BEFORE JUDGE |

CRABB, ON 4/20/00.

318  08/03/2000 CJA 21 #0732575 APPROVAL; CERTIFIED FOR PAYMENT.
               (SEALED)- UNSEALED ON 1/23/02.

320  08/04/2000 ORDER GRANTING GOVT'S REQ. FOR EXT. OF BRFG ON ISSUES
               FOR SENTC'G. DATES EXTENDED. (BC)

321  08/04/2000 TRANSCRIPT OF FIFTH DAY JURY TRIAL HELD 4/21/00 -
               (EXCERPT) TESTIMONY OF WITNESSES ONLY.

322  08/08/2000 TRANSCRIPT OF TESTIMONY OF YVONNE GADDY ON THE 6TH
               DAY OF JURY TRIAL BEFORE BBC ON 4/24/00.

323  08/09/2000 GOVT BRIEF RE: STATUTE, FOR SENTENCING.

326  08/18/2000 DEFT ERVAN BRIEF IN RESPONSE TO GOV'T BRF RE:
               SENTENCING.

328  08/25/2000 ORDER THAT THE POTENTIAL SENTENCES OF DEFTS
               FLEMISTER, FORD AND ERVAN ARE CAPPED UNDER 21 USC 841
               (b)(1)(C)AT 20 YRS.(BC)

330  08/29/2000 TRANSCRIPT OF CLOSING ARGUMT BY ATTY.DANIELSON ON
               THE 6TH DAY OF TRIAL BEFORE JUDGE CRABB & JURY.

     08/29/2000 GOVT'S LETTER STATING THEIR POSITION RE: SENTENCING;
               SENT TO BC FOR FILING.

334  08/31/2000 CTRM. MIN: STCG.; (DEFT ERVAN) CT 1 OF INDICT.: $100 C.A.;
               BOP=20 YRS; S.R.=3 YRS.; NO FINE OR RESTITUTION. (BC)(:12)

337  09/05/2000 JUDGMENT AND COMMITMENT (BC) CCMLD

338  09/08/2000 NOTICE OF APPEAL BY DEFT. NO FEE PAID, NO DS FILED, SR
               SENT CC:PARTIES(00-3347)

339  09/08/2000 MOTION BY DEFT TO WAIVE FILING FEE.

340  09/08/2000 AFFIDAVIT BY DEFT RE:FINANCIAL DISCLOSURE.

342  09/11/2000 ORDER THAT BC DOES NOT INTEND TO CERT THAT APPEAL IS
               NOT TAKEN IN GOOD FAITH OR FIND DEFT IS NOT ENTITLED
               TO PROC IFP.

343  09/12/2000 COPY OF PSR W/ATTACHMENTS. (SEALED)

344  09/12/2000 COPY OF SENT RECOMM. (SEALED)

     09/12/2000 RECORD PREPARED

347  10/04/2000 TRANSCRIPT OF SENTG HRG ON 8-31-00.

348  10/12/2000 JUDGMENT AND COMMITMENT WITH MARSHAL RETURN

350  10/17/2000 TRANSCRIPT OF FPTC ON 4/5/2000 BEFORE SLC.

351  10/17/2000 TRANSCRIPT OF FIRST DAY OF JURY TRIAL ON 4/17/2000,
               EXCERPT OF PROCEEDINGS: SANTIAGO PROFFER.

352  10/17/2000 TRANSCRIPT OF SECOND DAY OF JURY TRIAL ON
               4/18/2000,EXCERPT OF PROCEEDINGS.

353  10/17/2000 TRANSCRIPT OF 6TH DAY OF JURY TRIAL ON 4/24/2000,
               EXCERPT OF PROCEEDINGS.

354  10/17/2000 TRANSCRIPT OF 7TH DAY OF JURY TRIAL ON 4/25/2000,
               EXCERPT OF PROCEEDINGS.

357  10/25/2000 TRANSCRIPT OF TELE. STATUS CONF. ON 7/12/00.

358  10/26/2000 TRANSCRIPT OF 6TH DAY OF JURY TRIAL BEFORE JUDGE

|     |            | CRABB & JURY, ON 4/24/00. |
|-----|------------|---------------------------|
| 359 | 10/26/2000 | TRANSCRIPT OF VERDICT HAD ON THE 8TH DAY OF TRIAL, BEFORE JUDGE CRABB & JURY, ON 4/26/00. |
| 360 | 10/31/2000 | TRANSCRIPT OF FINAL HEARING ON 4-14-00. |
|     | 11/06/2000 | RECORD SENT |
| 365 | 01/12/2001 | CJA 21 #0732589 APPROVAL; CERTIFIED FOR PAYMENT. (SEALED)- UNSEALED 1/23/02. |
| 367 | 02/09/2001 | CJA 20 APPOINTMENT #00001038855 APPROVAL; CERTIFIED FOR PAYMENT. (BATES) ($10,046.30) |
| 371 | 08/21/2001 | PARITAL SATISFACTION OF JUDGMENT RE:SPECIAL ASSESSMENT. |
| 373 | 11/06/2001 | ORDER FROM USCA THAT APPEAL IS DISMISSED. (00-3347) RECORD RETURNED |
| 379 | 12/30/2003 | ORDER DENYING DEFT. JACK ERVAN LETTER REQ. FOR A TOLLING OF THE STATUTE OF LIMITATIONS FOR FILING 2255 MOTION. |
| 380 | 01/20/2004 | MOTION BY DEFT. ERVAN FOR RECONSIDERATION. |
| 381 | 02/09/2004 | ORDER DENYING DEFT. ERVAN MOTION FOR ENLARGEMENT OF TIME TO FILE 2255 MOTION. |
| 382 | 03/02/2004 | MOTION BY DEFT. ERVAN TO VACATE SENTENCE PER 28 USC 2255. |
| 383 | 03/08/2004 | MOTION (2ND) BY DEFT. ERVAN FOR EXTENSION OF TIME TO FILE 2255 MOTION. |
| 384 | 03/08/2004 | MOTION (3RD) BY DEFT. ERVAN FOR EXTENSION OF TIME TO FILE 2255 MOTION. |
| 385 | 03/08/2004 | ORDER DENYING DEFT. ERVAN MOTIONS FOR EXTENSION OF TIME. |
| 386 | 04/19/2004 | MOTION BY DEFT. ERVAN TO VACATE SENTENCE PER 28 USC 2255. |
| 387 | 04/28/2004 | ORDER DENYING DEFT. ERVAN 2255 MOTION AS UNTIMELY. |
| 388 | 04/29/2004 | CIVIL JUDGMENT ENTERED (TMO) CC MLD. |
| 389 | 05/24/2004 | NOTICE OF APPEAL BY DEFT. NO FEE PAID, NO DS FILED, CC:PARTIES (04-2627) |
| 390 | 05/24/2004 | PETITION FOR ISSUANCE OF CERT OF APPEALABILITY BY DEFT. |
| 391 | 06/01/2004 | ORDER THAT DEFT'S REQ FOR CERT OF APPEALABILITY IS DENIED & APPEAL IS NOT TAKEN IN GOOD FAITH. |
|     | 06/01/2004 | RECORD PREPARED & SENT |
| 392 | 07/12/2004 | AFFIDAVIT TO PROC IFP ON APPEAL BY DEFT. |
| 393 | 10/04/2004 | ORDER FROM USCA THAT APPEAL IS DISMISSED. (04-2627) RECORD NOT RETURNED |
|     | 10/15/2004 | RECORD RETURNED |
| 394 | 02/17/2005 | NOTICE OF APPEAL BY DEFT. NO FEE PAID, NO DS FILED, SR SENT CC:PARTIES (05-1425) |
| 395 | 02/17/2005 | MOTION TO PROC IFP BY DEFT. |

396   02/17/2005 MOTION TO MODIFY SENTENCE BY DEFT.
397   02/23/2005 ORDER DISMISSING DEFT. ERVAN 2255 MOTION.
398   02/23/2005 CIVIL JUDGMENT ENTERED (TMO/CK)
399   03/10/2005 ORDER IN RESPONSE TO DEFT'S LETTER OF 3-7-05, THAT
                  HOWEVER APPEAL IS INTERPRETED IT HAS NO CHANCE OF
                  SUCCEEDING.
400   06/03/2005 MOTION TO PROC IFP ON APPEAL BY DEFT.
401   06/03/2005 MOTION FOR RELEASE ON BAIL PENDING DISPOSITION OF
                  APPEAL BY DEFT.
402   06/08/2005 ORDER DENYING AS MOOT DEFT. ERVAN MOTIONS TO
                  PROCEED IFP AND FOR RELEASE ON BAIL.

                  99-CR-106-C-06-09-05.PDF
403   06/10/2005 MOTION TO PROCEED IFP BY DEFT. ERVAN.
404   06/10/2005 MOTION BY DEFT. ERVAN FOR REDUCTION OF SENTENCE.
405   06/15/2005 ORDER CONSTRUING DEFT. ERVAN MOT/REDUCTION OF STC.
                  AS A 2255 MOTION; 2255 MOTION & MOTION TO PROCEED IFP
                  DENIED.

                  99-CR-106-C-06-15-05.PDF
406   06/16/2005 CIVIL JUDGMENT ENTERED (TMO/SV)

                  99-CR-106-C-06-16-05.PDF
407   07/20/2005 ORDER FROM USCA DISMISSING ERVAN'S APPLICATION W/O
                  PREJ. (05-1425)

---

### BRIEFING SCHEDULES FOR CASE # 99-CR-0106-C-03

Be advised that this briefing schedule information is for internal use of the court only and is not to be
relied upon by counsel/parties as actual due dates. Actual due dates for dispositive motions are to be
computed as set forth in the judge's standard orders and/or orders on pretrial conferences.

### No BRIEFING SCHEDULES Entries

---

### APPEALS FOR CASE # 99-CR-0106-C-03

|   #   | Date       | Docket Entry |
|-------|------------|--------------|
| 338   | 09/08/2000 | NOTICE OF APPEAL BY DEFT. NO FEE PAID, NO DS FILED, SR SENT CC:PARTIES(00-3347) |
| 389   | 05/24/2004 | NOTICE OF APPEAL BY DEFT. NO FEE PAID, NO DS FILED, CC:PARTIES (04-2627) |

394   02/17/2005 NOTICE OF APPEAL BY DEFT. NO FEE PAID, NO DS FILED, SR
           SENT CC:PARTIES (05-1425)

---

**CALENDAR FOR CASE # 99-CR-0106-C-03**

| Date | Time | Calendar Entry | Room | Judge |
|------|------|----------------|------|-------|
| 08/31/2000 | 1:30 p.m. | Sentencing | 250 | Crabb |
| 07/12/2000 | 1:30 p.m. | Telephone Status Conference | 550 | Crabb |
| 06/20/2000 | 3:30 p.m. | Telephone Hearing | 550 | Crabb |
| 04/26/2000 | 9:00 a.m. | Jury Trial - 8th day | 250 | Crabb |
| 04/25/2000 | 9:00 a.m. | Jury Trial - 7th day | 250 | Crabb |
| 04/24/2000 | 9:00 a.m. | Jury Trial - 6th day | 250 | Crabb |
| 04/21/2000 | 9:00 a.m. | Jury Trial - 5th day | 250 | Crabb |
| 04/20/2000 | 9:00 a.m. | Jury Trial - 4th day | 250 | Crabb |
| 04/19/2000 | 9:00 a.m. | Jury Trial - 3rd Day | 250 | Crabb |
| 04/18/2000 | 9:00 a.m. | Jury Trial - 2nd Day | 250 | Crabb |
| 04/17/2000 | 9:00 a.m. | Jury Selection And Trial | 250 | Crabb |
| 04/14/2000 | 9:00 a.m. | Final Hearing | 250 | Crabb |
| 04/13/2000 | 2:00 p.m. | DAUBERT HEARING | 260 | Crabb |
| 04/05/2000 | 9:00 a.m. | Final Pretrial Conference | 250 | Crocker |
| 02/10/2000 | 9:00 a.m. | Status Conference | 460 | Crocker |
| 01/05/2000 | 9:00 a.m. | Preliminary Pretrial Conference | 250 | Crocker |
| 11/15/1999 | 1:00 p.m. | Arraignment | 460 | Crocker |

---

**[END OF DOCKET 99-CR-0106-C-03]**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/23/2005 16:06:23 | | | |
| **PACER Login:** | ux1887 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 99-CR-0106-C-03 |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

**ATTACHMENT  B**

Document Number Case Number
99-CR-0106-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
06/15/2005 11:29:26 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                           ORDER

             Plaintiff,

                                     99-CR-0106-C

       v.

JACK ERVAN III,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jack Ervan III has filed a motion to proceed in forma pauperis and motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), contending that his sentence is unconstitutional because it was increased in reliance on facts that had not been found by a jury beyond a reasonable doubt. Although defendant characterizes his motion as one brought under certain provisions of Title 18, it is actually a motion for modification of his sentence and must be brought pursuant to 28 U.S.C. § 2255 and subject to the rules of the Anti-terrorism and Effective Death Penalty Act. Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela,

1

certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

Defendant has filed two § 2255 motions, on which he did not succeed. Paragraph 8 of § 2255 requires appellate certification of a second or successive motion brought under § 2255. Defendant has not obtained a certificate of his "Rule 3582" motion; until he does, this court has no authority to entertain it.

Even if the court construes defendant's motion as a motion pursuant to 18 U.S.C. 2582(c), the motion would be denied. This court lacks authority to correct a sentence once it is imposed with three exceptions: 1) within seven days of the imposition of sentence, the court may correct a sentence imposed as a result of arithmetical, technical or other clear error. Fed. R. Crim. P. 35(c); 2) the court may correct a sentence following remand from a court of appeals, Rule 35(a); or 3) the court may reduce a sentence upon motion by the government brought pursuant to Rule 35(b). None of these exceptions applies to defendant. The seven-day period has long since passed; the court of appeals did not remand his case to this court; and the government has not moved again to reduce his sentence.

ORDER

IT IS ORDERED that defendant's motion for reduction of sentence pursuant to 18

2

U.S.C. § 3582(c)(2) is construed as a motion brought pursuant to 28 U.S.C. § 2255 and dismissed because it is a successive collateral attack under that statute and this court lacks authority to entertain it.  Defendant's motion to proceed in forma pauperis is DENIED as moot.

Entered this 15th day of June, 2005.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3