Jack Ervan #12048-424
Fedral Correctional Institution
P.O. Box 1000
Loretto, Pa. 15940

FILED
IN CLERKS OFFICE

2006 MAR 27 P 1:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

Clerk of Court
U.S. District of Mass.
1 Courthouse Way, suite 2300
Boston, Ma. 02210

re: case no. 05-40101-RCL

Dear Clerk:

Enclosed are a copy of the envelope from the government's oppsition to the petitioner's petition. In which, Petitioner has just received such legal mail at his current place that was addressed previously to his last placement in Ayer, Ma. FMC Devens.

Dated: 03/23/06

Thank you,

*Jack Ervan III*

Jack Ervan, III

cc: clerk

BOSTON, MA 02210
OFFICIAL BUSINESS

Hasib, AUSA

N02

Jack Ervan, III
FMC – Bureau of Prisons

✶ FCI Loretto
P.O. Box 1000
Loretto, PA
15940

✶ Please Forward ✶

DEC 27 '05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 MAR 27  P 1:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

JACK ERVAN, )
    Petitioner )
     )
v. )    C.A. NO. 05-40101-RCL
     )
DAVID L. WINN, WARDEN )
    Respondent )

## RESPONSE TO GOVERNMENT'S OPPOSITION

**Petitioner Jack Ervan**, pro se, and on behalf of himself, respectfully ask this court to issue an order of jurisdiction on these matters going to the jurisdiction of this Court, pursuant to Title 28 USC § 2241. And that this petition should not be summarily denied. As just cause the Petitioner states and shows as follows:

First the government argued, that the substance of the petitioner's claim were a direct attack on the validity of his underlying sentence, that such claims are cognizable only under 28 USC § 2255 and can only be brought before the sentencing court. This argument is unpersuasive. **In Richard T. Little v. U.S., 2002 WL 1424581 (D.Mass)** (The petitioner sought writ of habeas corpus on basis that his sentence was illegal. The District Court, Zobel J., held that; "the savings clause permitted review of challenge by petitioner, that enhancement of his sentence...was illegal, even though his claim was otherwise barred.") Little, 2002 WL 1424581 (D.MASS). Thus, in same case, the government opposes (as the government is doing here in this case) the ground that this custodial court does not have the authority to review challenges to the validity (as opposed to the execution) of petitioner's sentence. In answering, the Little court's stated that; "It is true that a

[1]

custodial courts authority under §2241 is typically limited to challenges regarding the execution of a sentence. However, the "savings clause" of § 2255 allows a prisoner to challenge the validity of his sentence under § 2241 when § 2255 is "inadequate or ineffective" to test the leglity of his detention." see 28 USC § 2255, U.S. v. Barrett, 178 F.3d 34, 49-50 (1st Cir. 1999), Little v. U.S., 2002 WL 1424581 (D.Mass).

Therefore, the issue at hand is whether § 2255 were in fact "inadequate or ineffective" for proof of actual innocence as a means of challenging the validity of his enhanced sentence. See, e.g., **Triestman v. U.S., 124 F.3d 361, 377-378 (2nd Cir. 1997)** (holding that the savings clause apllies in "cases in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional concerns" or else "in those extrarodinary circumstances where justice demands it.") And allowing the illegal sentence to stand would in fact represent a grave miscarriage of justice.

Secondly, the government argued that petitioner's claim is not the type in which courts have allowed prisoners to bypass section 2255 in favor of section 2241. This argument is unpersuasive. The petitioner nevered bypassed section 2255. In fact, the government stated itself within its opposition to petitioners petition, that the petitioner had filed to the sentencing court on many occasions seeking justice where justice demand it. Thus, such avenues of 2255 and its collectives "second or sucessive" motions created a roadblock for the petitioner, not as disputing the factual merits of the claims, but due to the procedural bar that the AEDPA has placed upon the 2255 courts to stand mute for claims such as petitioner's when addressing actual innocence by way of factual innocence. In which actual innocence in itself are a prong for § 2241.

This district court has recognized the same logic as apply

[2]

to "actual innocence" under the savings clause. See Gonzalez v. United States, 135 F.Supp.2d 112, 121-122 (D.Mass. 2001). In which actual innocence under the "savings clause" include cases in which the petitioner is not actually innocent of the crime for which he was convicted, but is innocent of some fact used to enhanced his sentence. See United States v. Maybeck, 23 F.3d 888, 892-894 (4th Cir. 1994). The Petitioner has challenged the effect of events 'subsequent' to his sentence, as required in Gomori v. Arnold, 533 F.2d 871, 874 (3rd Cir. 1976), by way of showing effect of events stemming from indictment..trial..conviction..up to sentencing.

The government fully comply with petitioner claim addressing the constitutionality, and that such violation has occured. For these same constitutional rights, protects a defendant from mistreated procedures in related to which petitioner himself has abused under. Anytime, a defendant receive a sentence to a crime for which he was nevered charged nor, convicted of, relates to the execution of such sentence when the proof of actual innocence arise. Surely § 2255 court's can not possess jurisdiction for claims presented by petitioner, when section 2255 has been proving to be "inadequate or ineffective". Which in itself, is a prong for the "savings clause" required for 2241. The government urges the court to create a miscarriage of justice where justice so demand it, by asking the court to dismiss Mr. Ervan's petition for lack of jurisdiction. In **Gonzalez, 135 F.Supp.2d 126,** (Courts have noted that "[t]o afford a petitioner no relief, when he has been sentenced to an enhanced period...that were obtained in violation of the United States Constitution, is arguably itself a constitutional violation." Pettiford v. U.S., No. 94-12626, 1995 WL 464920, at *10 (D.Mass. July 20, 1995) (Keeton, J.,), aff'd, 101 F.3d 199 (1st Cir. 1996). Moreover, serious constitutional questions are raised when a petitioner can prove his innocence but is procedurally barred from judicial review. **Triestman**, 124

[3]

F.3d 363.

Finally, the government last argue that Apprendi nor, Booker doesn't apply retroactively to Petitioner. This argument is unpresuasive. Petitioner has a different case than most, and show as a first impression unto the courts. It is proven that by way of factual evidence on record that the petitioner did actually win and was granted relief from the pre-Apprendi decision in 2000. Which this case only targeted the maximum for statute of a sentence. Restricting petitioner sentence from statute of (b)(1)(a) to (b)(1)(c). Thus in order to sentence petitioner a term of twenty years for the supportment of statute raised a conflict of interest as opposed to the sentencing guideline. Twenty years on the guideline calls for a level 38. Thus, this level require that a person be in the range of 1.5 kilograms or excess of. Since pre-Apprendi in 2000 did not apply to the guidelines this argument was unacknowledged.

In U.S. v. Booker, ___US___, 125 S.Ct 738, 160 L.Ed.2d 621 (2005), the Supreme Court simply "reaffirm[ed] [its] holding in Apprendi: [that] [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved beyond a reasonable doubt." Therefore, people that were sentenced from relief of, due to the error of pre-Apprendi, as decided in 2000, do not need retroactive application. The protection of Apprendi was in place at the time of sentencing petitioner after acknowlegding and applying pre-Apprendi relief and must be applied.

The maximum sentence for Apprendi (now as a matter of law, as opposed to the reaffirmed Apprendi which apply to the guidelines) isn't the twenty years under the statute (b)(1)(c), but the maximum under the sentencing guideline that the judge could impose based only on the jury verdict of the charged indictment. In order

[4]

to support the twenty years by way of statute, which under the guideline calls for 1.5 kilograms of cocaine base, this amount had to first be alleged within the indictment, proved to a jury beyond a reasonable doubt to apply a sentence of such under the sentencing guideline. Petitioner is asking the courts, to re-evaluate and re-adjust petitioner sentence and standard from the pre-Apprendi to the post-Apprendi. Because <u>Blakely</u>, <u>Booker</u>, and <u>Fan Fan</u>, in all, are not new rules they only apply the rule from Apprendi. see **Washington v. Recuenco, U.S., No. 05-83, review granted 10/17/05;** also see; **Cunningham v. California, No. 05-6551.**

## CONCLUSION

Based on the foregoing, the government argument is unpersuasive. Petitioner prays that this Honorable Court continue to excercise its jurisdiction pursuant to section 2241, and not dismiss petitioner's petition for lack of jurisdiction.

Dated: 03/23/06

Respectfully submitted,

By: /s/ *Jack Ervan III*
Jack Ervan, III

cc: file

[6]

## CERTIFICATE OF SERVICE

I certify that on <u>March 23</u>, 200<u>6</u>, I mailed a copy of this brief and all attachments via first class mail, to the following parties at the address(s) listed below:

(1) copies to: **CLERK OF COURT**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**1 COURTHOUSE WAY, suite 2300**
**BOSTON, MA. 02210**

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

I certify that this document was given to prison officials on this <u>23</u> day of <u>March</u>, 200<u>6</u>, for forwarding to the <u>U.S. District</u> Court for the <u>District of Massachusetts</u>. I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Dated this <u>23</u> day of <u>March</u>, 200<u>6</u>.

<u>Jack Erwan III</u>
(Signature)

Reg. # <u>12048-424</u>
Box 1000
Loretto, PA 15940

[7]